**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH SEFCIK, | ) | CASE NO. 1:15CV2688 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| BRIGHAM SLOAN, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Keith Sefcik's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

In its September 2013 term, the Cuyahoga County Grand Jury indicted Petitioner on one count of Felonious Assault, one count of Aggravated Menacing and two counts of Domestic Violence. Petitioner waived his right to a jury trial and on January 31, 2014, the trial court found him not guilty on one count of Domestic Violence, but guilty of Felonious Assault, Aggravated Menacing and the other count of Domestic Violence. On February 27, 2014, the trial court sentenced Petitioner to five years of imprisonment for the Felonious Assault conviction and found that the Aggravated Menacing and Domestic Violence convictions were allied offenses to the Felonious Assault conviction. Petitioner was also sentenced to five years of Post-Release Control.

On March 24, 2014, Petitioner filed an Appeal to the Eighth District Court of Appeals. On December 31, 2014, the Court of Appeals affirmed the trial court's judgment. On February 13, 2015, Petitioner filed a Notice of Appeal in the Ohio Supreme Court. On July 22, 2015, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's Appeal.

Petitioner filed the instant Petition on September 24, 2015, asserting one ground for relief:

> **GROUND ONE:** When the undisputed evidence reveals that the crime for which the defendant was tried did not occur, it violates his constitutional rights to a fair trial, to be free from cruel and unusual punishment, and to Due Process for him to be found guilty and sentenced.

On January 6, 2016, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on July 18, 2017. The Magistrate Judge found that the Court of Appeals decision for a sufficiency of the evidence analysis is not contrary to or does not

2

involve an unreasonable application of *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.1995), and it did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state courts.

On July 31, 2017, Petitioner filed his Objection to Magistrate's Recommendation, which read in its entirety as follows:

> I ). Petitioner, Keith Sefcik, is a pro-se litigant and should not be held to the strict compliance an [sic] Attorney;
> 2). That petitioner 's writ of habeas corpus comported with the standards set forth in AEDPA;
> 3). That petitioner 's application for writ of habeas corpus complies with the guidelines for applying AEDPA limitations.

## **LAW AND ANALYSIS**

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950(6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." "A party may not file a general objection to the entirety of the magistrate's report." *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

In the instant matter, Petitioner merely states that he is objecting, but provides no reasons. "For an objection to be sufficiently specific, the petitioner must direct 'the

3

district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers*, supra at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)).  Petitioner does not provide the Court with specific areas of disagreement.

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509.

Petitioner's  submission simply recites his objection; but is the equivalent of an utter failure to object.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

Date: August 10, 2017

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge